```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/23/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEVITO VERDI, INC.,

               Plaintiff,

               -against-

LEGAL SEA FOODS, INC. and LEGAL SEA FOODS, LLC,

               Defendants.

1:21-cv-1007-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff brings this action for breach of contract against Defendants Legal Sea Foods, Inc. and Legal Sea Foods, LLC. (Compl. [ECF No. 1].) Before the Court is Plaintiff's motion for default judgment as to Defendant Legal Sea Foods, LLC. (Mot. Default J. [ECF No. 10].) The Court DENIES Plaintiff's motion without prejudice, DISMISSES the Complaint without prejudice for failure to plead subject matter jurisdiction, and GRANTS leave to amend.

      The Complaint predicates subject matter jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332. (Compl. ¶ 4.) Plaintiff alleges the following: Plaintiff is a New York Corporation with its principle place of business in New York (Compl. ¶ 2); Defendant "Legal Sea Foods, LLC has been a Delaware limited liability company with its principal place of business located in Boston, Massachusetts" (Compl. ¶ 3); and Defendant "Legal Sea Foods, Inc. has been a Delaware corporation with its principal place of business located in Boston, Massachusetts" (Compl. ¶ 3). Plaintiff claims that the Court has subject matter jurisdiction because Plaintiff "is a citizen of the State of New York; Defendants are citizens of Delaware and/or Massachusetts; and the amount in controversy exceeds $75,000." (Compl. ¶ 4.)

      The Court has an obligation, "on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists." *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361–

1

62 (2d Cir. 2000) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (noting that federal courts "must raise and decide jurisdictional questions that the parties either overlook or elect not to press" (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006))). "Prior to entering a default judgment, the Court must ascertain that subject matter jurisdiction exists over plaintiff's claims." *Centra Developers Ltd. v. Jewish Press Inc.*, No. 16 CV 6737 (WFK)(LB), 2018 WL 1788148, at *5 (E.D.N.Y. Feb. 20, 2018) (citing *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010); and *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001)), *report & recommendation adopted*, 2018 WL 1445574 (E.D.N.Y. Mar. 23, 2018). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)).

An LLC "is completely diverse from opposing parties only if *all* of the members of the LLC are citizens of different states than *all* opposing parties." *Dumann Realty, LLC v. Faust*, No. 09 Civ. 7651(JPO), 2013 WL 30673, at *2 (S.D.N.Y. Jan. 3, 2013) (collecting cases); *see Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("Defendant Aladdin is a limited liability company that takes the citizenship of each of its members." (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000))). Where a complaint does not plead the citizenship of an LLC party's members, it fails to plead diversity jurisdiction. *Infinity Consulting Grp., LLC v. American Cybersystems, Inc.*, No. 09-CV-1744 (JS)(WDW), 2010 WL 456897, at *1 (E.D.N.Y. Feb. 3, 2010).

Here, Plaintiff fails to allege the citizenship of the members of Defendant Legal Sea Foods, LLC. Accordingly, Plaintiff has failed to plead diversity jurisdiction. *See Vigilant Ins. Co. v. OSA*

*Heating & Cooling LLC*, No. 3:10-CV-00981 (CSH), 2013 WL 3766596, at *2 (D. Conn. July 16, 2013) (directing plaintiff to provide identities and citizenship of each of LLC defendant's members or face dismissal for lack of subject matter jurisdiction); *Receiveables Exch., LLC v. Hotton*, No. 11-CV-0292(JS)(WDW), 2011 WL 239865, at *1 (E.D.N.Y. Jan. 21, 2011) (dismissing *sua sponte* where complaint did not allege citizenship of LLC plaintiff's members); *Laufer Wind Grp. LLC v. DMT Holdings L.L.C.*, No. 10 Civ. 8716(RJH), 2010 WL 5174953, at *1 (S.D.N.Y. Dec. 20, 2010) (dismissing action where complaint did not plead the citizenship of any of the LLC parties' members); *In re Bank of America Corp. Secs.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010) ("Because the Derivative Plaintiffs have not alleged the citizenship of each of the [LLC] Financial Advisors' members, they have not alleged facts sufficient to invoke this Court's subject matter jurisdiction by reason of diversity of citizenship." (citing 28 U.S.C. § 1332(a))).

Because the Court lacks subject matter jurisdiction, Plaintiff's motion for default judgment is denied and the Complaint must be dismissed. *See IndyMac Venture, LLC v. Mulligan*, CV 15-7057 (ADS) (GRB), 2019 WL 4648419, at *4 (E.D.N.Y. Aug. 30, 2019) (recommending motion for default judgment be denied and case be dismissed because plaintiff failed to plead subject matter jurisdiction (collecting cases)), *report & recommendation adopted*, 2019 WL 4647222 (E.D.N.Y. Sept. 24, 2019); *Miss Jones LLC v. Seaview Court, LLC*, 17-CV-1169 (DLI)(PK), 2018 WL 3635045, at *2 (E.D.N.Y. Feb. 16, 2018) (recommending motion for default judgment be denied where plaintiff failed to allege subject matter jurisdiction); *INTL Hanley, LLC v. Frangos Pioneiro Industriae Comercio de Alimentos LTDA*, No. 12 Civ. 7494(MGC), 2013 WL 2382288, at *1 (S.D.N.Y. May 23, 2013) (denying default judgment motion and dismissing complaint for failure to plead subject matter jurisdiction); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.");

*Arbaugh*, 546 U.S. at 514 ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."); *Banks-Gervais v. Bd. of Elections*, No. 18-CV-5252 (RJD)(VMS), 2018 WL 10070504, at *2 (E.D.N.Y. Sept. 28, 2018) ("When a court lacks subject matter jurisdiction, dismissal is mandatory." (citing *Arbaugh*, 546 U.S. at 514)). And because it raised the issue of subject matter jurisdiction *sua sponte*, the Court dismisses the Complaint without prejudice and with leave to amend to cure the jurisdictional defects described above. *See, e.g.*, *Minard v. Pareto Partners*, No. 04 Civ. 741(CSH), 2005 WL 2206783, at *2 (S.D.N.Y. Sept. 12, 2005) ("The Court having raised *sua sponte* the question discussed in this Memorandum, it is fair to allow plaintiff, if so advised, to attempt to demonstrate that the parties are completely diverse.").

Plaintiff shall file an Amended Complaint on or before **May 24, 2021**. Failure to file an Amended Complaint by that date will result in dismissal of all claims in this case without prejudice and without leave to amend.

The Clerk of Court is respectfully requested to terminate docket entry 10.

**SO ORDERED.**

Date: April 23, 2021
New York, NY

MARY KAY VYSKOCIL
United States District Judge